## CIRCUIT COURT OF FAIRFAX COUNTY

Brian P. Allman

v.

Craig Smith

February 9, 1998

Case No. (Law) 165699

BY JUDGE M. LANGHORNE KEITH

On January 30, 1998, the Court heard argument concerning Plaintiff's ("Allman") Motion to Dismiss the Counterclaim of Defendant, Craig Smith. Mr. Allman argued that the Defendant's failure to pay the required statutory fees at the time he filed his counterclaim placed the Defendant in default, and therefore, the Court should dismiss the counterclaim.

The chronology of the events is important. On October 10, 1997, Mr. Allman filed a motion for judgment against the Defendant ("Smith"). Smith was served with the notice of motion for judgment on October 16, 1997. On November 6, 1997, Smith, by counsel, filed an answer, demurrer, and counterclaim. Smith, however, did not pay the required statutory filing fee applicable to his counterclaim. *See*, Va. Code Ann. § 14.1-112(17).

On November 12, 1997, the Clerk of Court notified Defendant's counsel, Mr. Patterson, by letter that the appropriate filing fee had not been paid. The fee was not paid, and a second notice was sent on January 6, 1998, once again requesting payment of the filing fee. On January 23, 1998, the filing fee was paid. On the same day, Mr. Allman moved for a voluntary nonsuit pursuant to Virginia Code § 8.01-380, and an order was entered granting the nonsuit.

On January 30, 1998, Mr. Allman moved to dismiss the counterclaim. He argues that the January 23rd order nonsuiting his claims dismissed the case; that because Smith failed to pay the required court fees at the time the counterclaim was filed, the counterclaim was not filed at the time the nonsuit was taken; and therefore, the counterclaim should be dismissed. The

Court disagrees. Virginia Code § 8.01-233(A) provides that a "defendant who pleads a counterclaim or cross-claim shall be deemed to have brought an action at the time he *files* such pleading." *Id.* (Emphasis added.) If the language of a statute is plain and unambiguous, as is the case here, the legislature should be assumed to have intended to mean what it plainly has expressed. *Town of South Hill v. Allen*, 177 Va. 154 (1941). Payment of the clerk's fee is not mentioned as a prerequisite to bringing a counterciaim, and the Court declines to impose such a requirement. Further support is found in Rule 3:3(a) of the Rules of the Virginia Supreme Court. Although this Rule concerns the notice of motion for judgment, the Rule is instructive by analogy. Subsection (a) of the Rule provides:

> that an action shall be *commenced by filing* in the clerk's office a motion for judgment. The action is then instituted and pending as to all parties defendant thereto. The statutory writ tax and clerk's fees shall be paid before the notice of motion for judgment is issued.

*Id.* (Emphasis added.)

The Rule provides that the mere filing of a motion for judgment, without payment of the clerk's fee, shall institute the action. Payment of the clerk's fee is required only before the notice of motion for judgment is issued. Furthermore, Mr. Allman has cited no authority, and the Court can find none, which authorizes the dismissal of a counterclaim for failing to pay court fees. Therefore, Smith's counterclaim was filed when it was accepted by the Clerk's office on November 6, 1997. For these reasons, Allman's Motion to Dismiss is denied.